**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOSE ULISES SILVAS-RODRIGUEZ,**

    **Petitioner,**

**vs.**                                                  **Case No. 4:10cv373-RH/WCS**

**ATTORNEY GENERAL, et al.,**

    **Respondents.**

_____/

**AMENDED REPORT AND RECOMMENDATION**

Petitioner initiated this § 2241 habeas petition on September 1, 2010. Doc. 1. Petitioner did not pay the filing fee, nor did he submit an *in forma pauperis* motion. An order was entered on September 13, 2010, advising Petitioner to correct that deficiency b either paying the filing fee or filing the *in forma pauperis* motion. Doc. 3. Petitioner was given until October 13th to comply. *Id.* By October 25th, Petitioner had not complied and I entered a report and recommendation to dismiss this action. Doc. 4.

On November 1, 2010, the Petitioner's copy of the report and recommendation was returned to the court as undeliverable. Doc. 5. On November 3, 2010, Petitioner filed an amended § 2241 petition. Doc. 6. Petitioner still has not paid the filing fee, nor

filed an *in forma pauperis* motion. Because of Petitioner's failure to comply, this case should be dismissed.

Moreover, the case should also be dismissed because in the amended § 2241 petition, doc. 6, Petitioner states he was deported on October 20, 2010. *Id.*, at 1. The B.I.A. dismissed Petitioner's appeal and denied his motion to re-open on October 7, 2010. *Id.* In this case, then, Petitioner is not merely challenging his detention at the Wakulla County jail under Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), but is attempting to challenge the order of removal.

This court lacks jurisdiction to entertain such a petition. The REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005), strips district courts of habeas corpus jurisdiction over orders of removal. Section 106(a)(1) of the Act requires that the courts of appeals shall be the sole and exclusive means for judicial review of an order of removal. Therefore, even *if* Petitioner had paid the $5.00 filing fee or belatedly filed an *in forma pauperis* motion, this case would have to be dismissed for lack of jurisdiction.

In light of the foregoing, it is respectfully **RECOMMENDED** that the amended habeas petition, doc. 6, be **DISMISSED** due to Petitioner's failure to either pay the filing fee or submit an *in forma pauperis* motion, and because this Court lacks jurisdiction to review an order of removal.

**IN CHAMBERS** at Tallahassee, Florida, on December 8, 2010.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**